---
Walton  v.  Payne.
---

GEORGE L. WALTON AND ANOTHER v. JAMES S. PAYNE AND
ANOTHER.

Where three defendants were sued as partners for a balance of account, and two
of them pleaded that the plaintiffs had received the acceptance of the other
in favor of a third person, in full satisfaction and released them ; and the
third filed a separate answer ; it was held that there was no error in refusing
the application of the two for a separate trial.

Where the admissions of one of the defendants, partners, made at a certain
time, were proved without objection, a motion for a new trial on the ground
that at the time of the admissions the partnership had been dissolved, sup-
ported by affidavits, overruled, and ruling sustained.

Error from Travis.    Tried below  before the  Hon. Thomas
H. DuVal.

Suit by  James S.  Payne  and  John J. Grumbles, partners,
defendants in error, against Fielding S. Roy, George L. Wal-
ton and William M. Walton, partners trading under the name
and style of F. S. Roy & Co., for the recovery of a  balance
alleged to be due them on an open account.

Two of the  defendants, G. and W.  Walton,  filed original
answers by way of demurrer and general denial.    There were
two amended answers.    The first alleged no indebtedness ;—
that if there ever had been  any, the same had  been paid and
discharged ;—that the plaintiffs had drawn an order on F. S.
Roy, one of the defendants, for  the sum of $250 40, the iden-
tical indebtedness charged to be due, in favor of Quilla Nichols,
which order was accepted by said Roy in his individual capa-
city and returned to  Payne one of  the  plaintiffs, who  placed
it in  the hands of  Nichols ; that in  consideration  of  such
transactions the defendants Walton gave their partner Roy
credit on their partnership books for the amount, so accepted
by him ;—to the amount of  which they  were damaged, unless
the transaction was sustained, &c.    The second alleged much

the same as the first, with the additional charge that the drawing of the order by plaintiffs ; its acceptance by Roy, and the placing it in the hands of Nichols, the payee, constituted a merger of the original account, into the written order, and that plaintiffs' remedy was on such order.

Defendant Roy answered by pleas of general denial, payment; and specially, that he had accepted the draft in favor of Nichols, to whom he acknowledged his indebtedness, and prayed that plaintiffs be compelled to seek their remedy on said order.

At this stage of the pleadings the defendants Walton moved for leave to sever from Roy on the trial, on the ground that their defences were different, and that to go to trial with Roy would greatly prejudice their rights. The motion to sever was refused, to which refusal exceptions were taken.

At the trial the plaintiff proved the account by the admissions of Roy, made about the commencement of this suit, Oct. 15th, 1855, and that the defendants were partners. Plaintiffs admitted that Payne, one of the plaintiffs, had drawn an order for the balance due on the account, upon F. S. Roy, one of the defendants, in favor of Quilla Nichols, which order had been accepted by Roy. Then followed interrogatories by the Waltons to Payne to prove that Roy's acceptance of the order of Payne, in favor of Nichols, was taken in full discharge of the account ; but the answers proved precisely the reverse, and that one of the Waltons said that if Roy did not pay it he would have to pay it. The answers further showed that the object of getting the acceptance of Roy was to assign it to some one for whom he was doing work, and in that way secure the payment of the account ; and that the plaintiffs were doing it merely to avoid the necessity of collecting it off the Waltons. There was no other evidence.

Verdict and judgment for the plaintiffs. Motion for a new trial on the ground that the evidence of Roy's admissions were improperly received, supported by affidavits showing that the partnership of defendants had been dissolved a good while be-

fore they were made.   Motion overruled.   Error by the Waltons.


*Hancock & West*, for plaintiffs in error.

*Carter & De Normandie*, for defendants in error.


WHEELER, J.   Where defendants who are sued jointly have separate defences, they may, in general, sever ; that is, each one may rely on his own separate defence.   But it is not a necessary consequence, that they will have a right to sever in their trials, though they may have severed in their answers.   The defendants were sued as partners upon an indebtedness of the firm.   They severed in their answers, and asked to sever on the trial.   But they showed no sufficient ground to entitle them to several trials ; and the Court did not err in refusing the application.

The defence relied on by the appellants was, that the plaintiffs, by drawing an order upon their co-defendant, which had been accepted, had released them, and taken him for the debt. But this defence was disproved.   The evidence, upon this point was, that one of the appellants had requested the plaintiffs to get their co-defendant, Roy, to pay or secure the debt, and that the plaintiffs agreed to do so, and to release the appellants, if they could effect this.   And the order was drawn for this purpose, and in the hope of getting further security than the promise of the defendant Roy.   They, however, did not succeed in getting the additional security ; and it was only in that event that the appellants were to be released.   Under the agreement, it is clear, therefore, that the acceptance of the order by Roy, did not release the appellants from their liability It was done at their instance, it seems, and for their benefit ; but when it failed to answer the purpose intended, they cannot take advantage of it to discharge their liability to the plain-

Proctor  v.  Marshall.

tiffs.    The defendant Roy is the only one who can be injured by the order ; and he has not complained of the judgment.    It is clear that the appellants did not make out their defence ; and the instructions asked were rightly refused, because not warranted by the evidence.

The defendant Roy was not the only one who admitted the indebtedness.    One of the appellants also admitted it in conversation with one of the plaintiffs, as is shown by the answer of the latter to interrogatories, and stated that if Roy did not pay it, he would have it to pay.    The evidence of indebtedness was sufficient to warrant the verdict.

The application for a new trial was rightly refused.    The testimony of the witness, if inadmissible, should have been objected to upon the trial.    Not having been then objected to, its admission could not be made a ground for the granting of a new trial.    If proof of the dissolution of the partnership was material, that too should have been made upon the trial.    There is no error in the judgment and it is affirmed.

Judgment affirmed.